[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to this court for a trial on a limited contested dissolution. The plaintiff, Janet Louise Kaminsky, whose maiden name was Janet Louise Zega, and James Louis Kaminsky, the defendant, intermarried at Fairfield, Connecticut, on July 8, 1978. One of the parties has resided continuously in the state of Connecticut for at least 12 months prior to the date of the filing of the complaint. In fact, both of the parties have lived in Connecticut for a substantial period of time.
The marriage of the parties has broken down irretrievably. There are no minor children issue of this marriage. This is a second marriage for both parties. Neither the plaintiff nor the defendant is receiving or has received support from the state of Connecticut. The wife was born on January 16th, 1945, and the husband was born on November 14th of 1941.
The husband earned, in 1989, gross wages from his employer, the Adamson Chemical Corporation, Inc., $101,611.00. In addition, he earned Schedule C, Business Income, in the sum of $11,888.00. His gross earnings from earned income exceeded $113,000.00. All of this is shown on exhibit B, the 1989 1040 U.S. Tax Return. In 1990, the husband earned $135,654.00 from the Adamson Company and from his own business, Schedule C income, $6,944.00 or in excess of $142,000.00 worth of earned income. The projections made concerning the amount of income the husband has received this year by salary and by salary to be paid as well as commissions paid to date and projected commissions, all as set forth on exhibits D and E and the husband's financial affidavit and his testimony thereon, indicates that he will make at least what he made in 1990, and it is probable that he will earn in excess of $145,000.00 in gross income. CT Page 8782
The wife is employed as a marketing administrator for the Forschner Group, Inc. and earns $500.00 per week, approximately, or an annual sum of approximately $26,000.00.
The court heard further the testimony of David McCarthy and Linda McCarthy in this case. The parties, as well as the McCarthy's, told a conflicting version of what happened in the marriage. The court is of the opinion that, after listening to the testimony of the witnesses and determining their credibility, the more credible testimony is that of David McCarthy and Janet Kaminsky. The court finds that the reason for the breakdown in the marriage was the relationship between James Kaminsky and Linda McCarthy.
Although both Ms McCarthy and Mr. Kaminsky deny any sexual relations prior to the separation of the parties in the instant case, it is clear that there was a very strong emotional relationship between the two parties as evidenced in part by exhibit G. The husband described the relationship as spiritual and Ms McCarthy admitted there was a strong relationship. Both couples had been close friends for years during the course of their marriage and had dinner almost every Friday night together as well as went on ski trips and other social activities together.
It is this court's opinion that were it not for this relationship the marriage of James Kaminsky and Janet Kaminsky would have made it. Although it appears that there were some strains on the marriage, it appears that they could have been overcome were it not for the husband's great affection for Linda McCarthy. Shortly after the parties separated, James and Linda began living together.
The court has taken into consideration the fact that the initial house purchased by the parties was paid for by the wife for any amount due over the mortgage payment.
The court granted the request for leave to file the amended complaint of October 22, 1991, prior to the start of the trial. The amendment cleared up some technical problems rather than substantive issues.
The court finds it has jurisdiction. The court has listened to the parties and listened to their witnesses and reviewed all the exhibits in the case. In addition, the court has taken into consideration all the criteria set forth in Connecticut General Statutes 46b-81, the assignment of property and transfer of title statute, 46b-82, the alimony statute, and in addition, the court has reviewed the financial affidavits of the parties and listened to the arguments of counsel. CT Page 8783
Accordingly, the court orders as follows:
1. The marriage is dissolved on the ground of irretrievable breakdown.
2. The wife's maiden name of Zega is restored.
3. The husband shall pay to the wife as alimony the sum of $520.00 per week as long as he is alive. Alimony shall terminate upon the happening of the first of the following events:
a. The wife's death.
b. The wife's remarriage.
 c. The wife's cohabitation within the meaning of the statutes.
d. Ten (10) years from the date of this decree.
 e. In order to facilitate the wife's reentry into the work place and in order to give her incentive to earn as much as possible so that she will be self-supporting when the alimony terminates, the husband may not seek a modification based on a material change or substantial change in circumstances in the wife's earnings until the wife earns in excess of $45,000.00 annually.
4. The husband shall convey to the wife all his right, title and interest in the marital residence located at 33 Greenbrier Road, Trumbull, Connecticut. The wife shall be responsible for the mortgage and equity line balances on the property and indemnify and hold the husband harmless therefrom.
5. The husband shall make a contribution to the wife's counsel fees in the sum of $5,000.00 within sixty (60) days of the date of this decree.
6. The wife shall be responsible for the liabilities as shown on her financial affidavit, and the husband shall be responsible for the liabilities shown on his financial affidavit except that the Barco Auto Lease, which is the husband's car lease, shall be the sole and exclusive responsibility of the husband. The husband shall pay said obligation and hold the wife harmless from said obligation. CT Page 8784
7. The wife is awarded the contents of the premises at 33 Greenbrier Road, Trumbull, Connecticut.
8. Each of the parties shall retain any and all bank accounts, IRA's or other assets now held in their own individual names and as shown on their own financial affidavits free and clear of the claim of the other.
9. The wife shall have no claim to the husband's two business or any other business or business that he may have or maintain.
10. The wife shall transfer all of her right, title and interest in the condominium located at 2472 Seabrook Island Road, Jane Island, South Carolina, to the husband. The husband shall be responsible for the mortgage balance on the property and shall indemnify and hold the wife harmless therefrom. The wife shall pay to the husband $2,000.00 representing a contribution made by her towards the loss sustained in the condominium value. Said amount shall be due when she sells the house at 33 Greenbrier Road, Trumbull, Connecticut, or five (5) years from the date of this decree, whichever is sooner, without interest.
EDWARD R. KARAZIN, JR., JUDGE